S. Samuel Di Falco, S.
This is an intermediate accounting of the two trusts created in paragraph Fifth of testator’s will and covers the period commencing September 19, 1927 and ending June 3, 1959. Testator died on July 11, 1926. He created two trusts each of one half of his residuary estate and directed that the trustee was ‘ ‘ to receive rents, issues, income and profits therefrom, and after defraying all taxes and other lawful charges, upon the same,” to pay the net income to each of the beneficiaries who are a granddaughter and a grandson of the testator. Both are living.
As part of the accounting the trustee requests a determination as to whether certain arrears of bond interest should be allocated to principal or income of each trust. It appears that a family settlement agreement had been entered into by the decedent, his brothers and sisters, as well as other members of his family, wherein it was agreed that a power of appointment exercised by his grandmother was valid and effective. As a result of that agreement, the decedent became vested with certain real property subject to a life interest in his aunt. After the death of the decedent, various transactions occurred as a result of which a corporation took title to the realty, and the decedent’s interests were evidenced by shares of stock and bonds of the corporation. The trustee under the decedent’s will received a bond of the corporation in the face amount of $7,200, and allocated one half of the bond to each of the trusts under the decedent’s will. These bonds were subject to the life use of the decedent’s aunt, Harriet Gomez. A declaration of trust executed by the trustee herein and all of the other persons interested in the property declared that Harriet Gomez had a life *610 interest in the bond and that the trustee under the decedent’s will would have absolute ownership of this particular bond upon her death. Interest on the bond was paid until August 15, 1935.
Harriet Gomez died on September 3, 1937. On April 19, 1939 an agreement was executed by the various bondholders, including the trustee herein and the executors of the estate of Harriet Gomez, reciting that she was entitled to a life interest in the bonds and providing that the holders of the remainder interests were each entitled to receive “ all of the arrears of interest unpaid on said bond as of the date of death of said Harriet Gomez and thereafter accruing thereon or becoming due ”.
In March, 1949 the bondholders executed an agreement which provided, among other things, for an extension of the maturity date of these 7% bonds to November 15, 1968; for the reduction of the interest thereon to 3% per annum from November 15, 1948 and for the subordination of the interest arrears as of November 15, 1948 to all other claims of creditors of the corporation. In 1953 the directors of the corporation decided in their discretion to pay 1% of the face value of the bonds on account of arrears. Payments totaling $504 for each trust have been received and reported as payments for interest due from August 15, 1935 to August 15, 1937. They have been credited to income but have not been paid to the income beneficiaries. These are the payments now presented for determination. The trustee and the income beneficiaries contend that they are properly allocated to income. The special guardian for infant contingent remaindermen of the trusts argues that the payments are principal and should be added to the corpus of each trust.
The trustee under the decedent’s will owned the entire bond, subject to whatever interests Harriet Gomez had during her lifetime. The interests of Harriet Gomez had originated in the power of appointment exercised by the testator’s grandmother, and these interests terminated upon the death of Harriet Gomez. Her executors and the trustee under this will agreed that after her death her estate would have no right to arrears of interest on the bond. All of the income collected by the trustee during the period of this trust belongs to the income beneficiaries, except for such income as might belong to Harriet Gomez and her estate. Whether or not her estate would, on the basis of the original agreement of settlement or the supplementary agreements, have enforcible rights to income accrued prior to her death but collected afterwards, is of no concern now, because her estate has disclaimed and relinquished any interest in that income. The result is just the same as if the trustees had taken the bonds unincumbered by any other superior rights or inter *611 ests. The income collected on the bonds by the trustee was, therefore, properly allocated to the account of the income beneficiaries under the decedent’s will. Submit decree on notice settling the account accordingly.